**STEVEN P. COHN, ESQ.   SBN 96808**
ADVOCACY CENTER FOR EMPLOYMENT LAW
2084 Alameda Way
San Jose, California 95126
Telephone: (408) 557-0300

Attorneys for Plaintiff
FRANK FERREYRA

FILED
2007 MAY 15 P 3:30
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA, S.J.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

C07 02581 HRL

| | |
|---|---|
| FRANK FERREYRA,<br><br>Plaintiff,<br><br>vs.<br><br>GOOD SAMARITAN HOSPITAL, A CALIFORNIA LIMITED PARTNERSHIP; HOSPITAL CORPORATION OF AMERICA, INC.; ENGINEERS AND SCIENTISTS OF CALIFORNIA, LOCAL 20, INTERNATIONAL FEDERATION OF PROFESSIONAL AND TECHNICAL ENGINEERS, AFL-CIO & CLC; and DOES 1 through 50, inclusive,<br><br>Defendants | Case No.<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. **BREACH OF WRITTEN CONTRACT;**<br>2. **BREACH OF DUTY OF FAIR REPRESENTATION**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

COMES NOW PLAINTIFF FRANK FERREYRA, and complains and alleges as follows:

**PARTIES**

1.     Plaintiff FRANK FERREYRA was at all times herein relevant a resident of the City of San Jose, County of Santa Clara, California.

2.     Defendant GOOD SAMARITAN HOSPITAL, A CALIFORNIA LIMITED PARTNERSHIP, (hereinafter "GOOD SAMARITAN"), at all times herein relevant was and is a limited partnership authorized to do business in California and with its principal place of business

FRANK FERREYRA COMPLAINT FOR DAMAGES   1

1  in the City of San Jose, County of Santa Clara, California.

2      3.    Defendant HOSPITAL CORPORATION OF AMERICA, INC., (hereinafter "HCA"), at all times relevant was and is a corporation and is believed to be the managing general partner of Defendant Good Samaritan, a coemployer of Plaintiff, and otherwise has liability for the wrongful actions and inactions herein alleged.

    4.    Defendant ENGINEERS AND SCIENTISTS OF CALIFORNIA, LOCAL 20 INTERNATIONAL FEDERATION OF PROFESSIONAL AND TECHNICAL ENGINEERS, AFL-CIO & CLC, (hereinafter "ESC"), at all times herein relevant was and is a union operating in the City of Oakland, County of Alameda, California and representing members in the City of San Jose, California.

    5.    Plaintiff is presently unaware of the true names and capacities of Defendants sued hereinafter DOES 1 though 50, inclusive, and therefore sues these Defendants by fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages were proximately caused by such Defendants.

    6.    At all relevant times herein, each of the Defendants was the agent and employee of each of the remaining Defendants, and in doing the things hereinabove and below alleged, was acting within the course and scope of such agency.

### JURISDICTION/VENUE

    7.    This Court has jurisdiction over this action and venue is proper as at least one Defendant's principal place of business is within its jurisdiction, this action is premised upon federal question subject matter jurisdiction, and said Defendant union's authorized officers or agents are engaged in representing employee members in the City of San Jose.

### FIRST CAUSE OF ACTION
(Breach of Written Contract)

(AS AGAINST DEFENDANT GOOD SAMARITAN, HCA AND DOES 1-10)

    8.    Plaintiff hereby incorporates by reference paragraphs 1 through 7 of this Complaint

FRANK FERREYRA COMPLAINT FOR DAMAGES   2

as though fully set forth herein.

9. Plaintiff was employed by Defendants Good Samaritan and HCA for approximately 19 years as a Radiology Technician and at all times relevant was a member of union Defendant ESC.

10. At all times relevant herein Plaintiff was an intended third-party beneficiary of a written in-force bargaining Agreement between Defendant Good Samaritan, HCA and Defendant ESC. Said Agreement provided that Plaintiff's employment would not be terminated by Defendant Good Samaritan and/or HCA absent good and just cause.

11. Defendants Good Samaritan, HCA and Does 1 through 10 breached said Agreement by wrongfully terminating Plaintiff's employment on August 9, 2006, without good and just cause.

12. Plaintiff is required to and did exhaust his administrative union remedy by timely grieving said employment termination. Defendant ESC abandoned said representation and of Plaintiff wrongfully and in violation of Plaintiff's rights, thereby excusing and waiving any requirement that Plaintiff further grieve or arbitrate said termination of employment.

13. Pursuant to said collective bargaining Agreement between Good Samaritan and ESC, Plaintiff is entitled to reinstatement with back pay and reinstatement of all applicable employee and retirement benefits in amounts in excess of this Courts minimum jurisdictional limits and according to proof. Plaintiff has further been caused to suffer lost earnings and employment-related benefits and such other and further damages in amounts according to proof.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## SECOND CAUSE OF ACTION

(Breach of Duty of Fair Representation)

(AS AGAINST DEFENDANT ESC AND DOES 11-20)

14. Plaintiff hereby incorporates by reference paragraphs 1 through 13 of this Complaint and the First Cause of Action as though fully set forth herein.

15. At all times relevant herein Defendants ESC and Does 11 through 20 owed a duty to Plaintiff of fair representation in Plaintiff's grievance filed with Defendant ESC concerning the aforesaid wrongful termination of Plaintiff's employment.

16. Defendants ESC and Does 11 through 20 breached said duty of fair representation,

providing Plaintiff notice of abandonment of Plaintiff's grievance without arbitrating same, providing Plaintiff said notice within six months of the filing of this action.

17. As a proximate result of the misconduct of Defendant ESC and Does 11 through 20 as herein specified, Plaintiff has been caused to suffer severe and extreme emotional distress, loss of employment-related benefits consisting of lost wages and employment-related union benefits, and such other and further damages in amounts according to proof and in excess of this Court's minimum jurisdictional limit. Plaintiff has now been forced to incur costs associated with this litigation, including attorney's fees and costs, expert witnesses and other recoverable costs in amounts according to proof.

18. Defendants ESC and Does 11 through 20 owed a fiduciary duty to Plaintiff and breached said duty by abandoning Plaintiff's employment termination grievance in substantial part on the fact that Plaintiff had secured replacement employment and Plaintiff's financial losses were not deemed significant by Defendants ESC and Does 11 through 20.

19. Defendants' said misconduct was willful and intentional, malicious and oppressive, justifying an award of punitive damages in favor of Plaintiff in amounts according to proof.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

**PRAYER**

WHEREFORE, Plaintiff prays for judgment, orders and an award of damages as follows:

UNDER THE FIRST CAUSE OF ACTION:

1. An award of compensatory damages in amounts according to proof;
2. An award of interest, including prejudgment interest, at the legal rate;
3. An order of reinstatement to Plaintiff's position with Good Samaritan and HCA with credit for full tenure to the date of reinstatement; and
4. An award of such other and further relief as the Court deems just and proper.

UNDER THE SECOND CAUSE OF ACTION:

1. An award of general damages in amounts according to proof;
2. An award of compensatory damages in amounts according to proof;
3. An award of punitive damages in amounts according to proof;

4.  An award of reasonable attorneys' fees and costs;

5.  An award of interest, including prejudgment interest, at the legal rate; and

6.  An award of such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

Dated: May 15, 2007

ADVOCACY CENTER FOR EMPLOYMENT LAW

By: _____
STEVEN P. COHN, ESQ., Attorneys for
Plaintiff, FRANK FERREYRA

FRANK FERREYRA COMPLAINT FOR DAMAGES   5