1  **STEVEN P. COHN, ESQ.  SBN 96808**
   ADVOCACY CENTER FOR EMPLOYMENT LAW
2  2084 Alameda Way
   San Jose, California  95126
3  Telephone:  (408) 557-0300

4  Attorneys for Plaintiff
   FRANK FERREYRA

5

6

7                    UNITED STATES DISTRICT COURT

8                  NORTHERN DISTRICT OF CALIFORNIA

9                       (SAN JOSE DIVISION)

10

11  FRANK FERREYRA,                        Case No. C07 02581 HRL

12         Plaintiff,

13     vs.                                 **FIRST AMENDED COMPLAINT FOR
                                           DAMAGES FOR:**
14  GOOD SAMARITAN HOSPITAL, A
    CALIFORNIA LIMITED PARTNERSHIP;        **1.  BREACH OF WRITTEN CONTRACT;**
15  HOSPITAL CORPORATION OF                **2.  BREACH OF DUTY OF FAIR
    AMERICA, INC.; ENGINEERS AND               REPRESENTATION**
16  SCIENTISTS OF CALIFORNIA, LOCAL
    20, INTERNATIONAL FEDERATION OF
17  PROFESSIONAL AND TECHNICAL
    ENGINEERS, AFL-CIO & CLC; and DOES     **JURY TRIAL DEMANDED**
18  1 through 50, inclusive,

19         Defendants

20

21       COMES NOW PLAINTIFF FRANK FERREYRA, and complains and alleges as follows:

22                              **PARTIES**

23       1.    Plaintiff FRANK FERREYRA was at all times herein relevant a resident of the City

24  of San Jose, County of Santa Clara, California.

25       2.    Defendant GOOD SAMARITAN HOSPITAL, A CALIFORNIA LIMITED

26  PARTNERSHIP, (hereinafter "GOOD SAMARITAN"), at all times herein relevant was and is a

27  limited partnership authorized to do business in California and with its principal place of business

28  in the City of San Jose, County of Santa Clara, California.

---
Frank Ferreyra's First Amended Complaint              1

1    3.    Defendant HOSPITAL CORPORATION OF AMERICA, INC., (hereinafter "HCA"),

2  at all times relevant was and is a corporation and is believed to be the managing general partner of

3  Defendant Good Samaritan, a coemployer of Plaintiff, and otherwise has liability for the wrongful

4  actions and inactions herein alleged.

5    4.    Defendant ENGINEERS AND SCIENTISTS OF CALIFORNIA, LOCAL 20

6  INTERNATIONAL FEDERATION OF PROFESSIONAL AND TECHNICAL ENGINEERS, AFL-

7  CIO & CLC, (hereinafter "ESC"), at all times herein relevant was and is a union operating in the City

8  of Oakland, County of Alameda, California and representing members in the City of San Jose,

9  California.

10    5.    Plaintiff is presently unaware of the true names and capacities of Defendants sued

11  hereinafter DOES 1 though 50, inclusive, and therefore sues these Defendants by fictitious names.

12  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

13  Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named Defendants

14  is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages were

15  proximately caused by such Defendants.

16    6.    At all relevant times herein, each of the Defendants was the agent and employee of

17  each of the remaining Defendants, and in doing the things hereinabove and below alleged, was acting

18  within the course and scope of such agency.

19                                **JURISDICTION/VENUE**

20    7.    This Court has jurisdiction over this action and venue is proper as at least one

21  Defendant's principal place of business is within its jurisdiction, this action is premised upon federal

22  question subject matter jurisdiction, and said Defendant union's authorized officers or agents are

23  engaged in representing employee members in the City of San Jose.

24                                **FIRST CAUSE OF ACTION**

25                                (Breach of Written Contract)

26                (AS AGAINST DEFENDANT GOOD SAMARITAN, HCA AND DOES 1-10)

27    8.    Plaintiff hereby incorporates by reference paragraphs 1 through 7 of this Complaint

28  as though fully set forth herein.

Frank Ferreyra's First Amended Complaint         2

1    9.    Plaintiff was employed by Defendants Good Samaritan and HCA for approximately

2    19 years as a Radiology Technician and at all times relevant was a member of union Defendant ESC.

3    10.    At all times relevant herein Plaintiff was an intended third-party beneficiary of a

4    written in-force bargaining Agreement between Defendant Good Samaritan, HCA and Defendant

5    ESC.  Said Agreement provided that Plaintiff's employment would not be terminated by Defendant

6    Good Samaritan and/or HCA absent good and just cause.

7    11.    Defendants Good Samaritan, HCA and Does 1 through 10 breached said Agreement

8    by wrongfully terminating Plaintiff's employment on August 9, 2006, without good and just cause.

9    12.    Plaintiff is required to and did exhaust his administrative union remedy by timely

10    grieving said employment termination.  Defendant ESC abandoned said representation and of

11    Plaintiff wrongfully and in violation of Plaintiff's rights, thereby excusing and waiving any

12    requirement that Plaintiff further grieve or arbitrate said termination of employment.

13    13.    Pursuant to said collective bargaining Agreement between Good Samaritan and ESC,

14    Plaintiff is entitled to reinstatement with back pay and reinstatement of all applicable employee and

15    retirement benefits in amounts in excess of this Courts minimum jurisdictional limits and according

16    to proof.  Plaintiff has further been caused to suffer lost earnings and employment-related benefits

17    and such other and further damages in amounts according to proof.

18    WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

19    **SECOND CAUSE OF ACTION**

20    (Breach of Duty of Fair Representation)

21    (AS AGAINST DEFENDANT ESC AND DOES 11-20)

22    14.    Plaintiff hereby incorporates by reference paragraphs 1 through 13 of this Complaint

23    and the First Cause of Action as though fully set forth herein.

24    15.    At all times relevant herein Defendants ESC and Does 11 through 20 owed a duty to

25    Plaintiff of fair representation in Plaintiff's grievance filed with Defendant ESC concerning the

26    aforesaid wrongful termination of Plaintiff's employment.

27    16.    Defendants ESC and Does 11 through 20 breached said duty of fair representation,

28    providing Plaintiff notice of abandonment of Plaintiff's grievance without arbitrating same,

1  providing Plaintiff said notice within six months of the filing of this action.

2          17.    While Plaintiff does not concede the necessity of exhausting administrative remedies,

3  within six months of learning of the facts giving rise to his claim against Defendant ESC, Plaintiff

4  timely filed a Charge Against Labor Organization Or Its Agents before the National Labor Relations

5  Board and alleging a violation of Section 8, 1, A of the National Labor Relations Act.  The National

6  Labor Relations Board has declined to pursue the Charge, thereby exhausting Plaintiff's

7  administrative remedies and providing Plaintiff the right to bring private suit.

8          18.    As a proximate result of the misconduct of Defendant ESC and Does 11 through 20

9  as herein specified, Plaintiff has been caused to suffer severe and extreme emotional distress, loss

10  of employment-related benefits consisting of lost wages and employment-related union benefits, and

11  such other and further damages in amounts according to proof and in excess of this Court's

12  minimum jurisdictional limit.  Plaintiff has now been forced to incur costs associated with this

13  litigation, including attorney's fees and costs, expert witnesses and other recoverable costs in

14  amounts according to proof.

15          19.    Defendants ESC and Does 11 through 20 owed a fiduciary duty to Plaintiff and

16  breached said duty by abandoning Plaintiff's employment termination grievance in substantial part

17  on the fact that Plaintiff had secured replacement employment and Plaintiff's financial losses were

18  not deemed significant by Defendants ESC and Does 11 through 20.

19          20.    Defendants' said misconduct was willful and intentional, malicious and oppressive,

20  justifying an award of punitive damages in favor of Plaintiff in amounts according to proof.

21          WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

22                                          **PRAYER**

23          WHEREFORE, Plaintiff prays for judgment, orders and an award of damages as follows:

24          UNDER THE FIRST CAUSE OF ACTION:

25          1.    An award of compensatory damages in amounts according to proof;

26          2.    An award of interest, including prejudgment interest, at the legal rate;

27          3.    An order of reinstatement to Plaintiff's position with Good Samaritan and

28                HCA with credit for full tenure to the date of reinstatement; and

1      4.     An award of such other and further relief as the Court deems just and proper.

2     UNDER THE SECOND CAUSE OF ACTION:

3      1.     An award of general damages in amounts according to proof;

4      2.     An award of compensatory damages in amounts according to proof;

5      3.     An award of punitive damages in amounts according to proof;

6      4.     An award of reasonable attorneys' fees and costs;

7      5.     An award of interest, including prejudgment interest, at the legal rate; and

8      6.     An award of such other and further relief as the Court deems just and proper.

9                          **DEMAND FOR JURY TRIAL**

10     Plaintiff hereby demands a jury trial.

11    Dated: August 6, 2007                    ADVOCACY CENTER FOR EMPLOYMENT LAW

12

13                                             By:_____/s/_____
                                                  STEVEN P. COHN, ESQ.,  Attorneys for
                                                  Plaintiff, FRANK FERREYRA
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28