1  Jonathan H. Siegel  #78143
   SIEGEL & LEWITTER
2  1939 Harrison Street, Suite 307
   Oakland, California  94612
3  (510) 452-5000
   (510) 452-5004 (fax)
4  firm@sl-employmentlaw.com

5  Attorneys for Defendant
   Engineers and Scientists of California, Local 20
6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                        (SAN JOSE DIVISION)

11

12  FRANK FERREYRA,                    )  Case No. C07 02581 HRL
                                       )
13              Plaintiff,             )  **ANSWER TO FIRST**
                                       )  **AMENDED COMPLAINT**
14        v.                           )
                                       )
15  GOOD SAMARITAN HOSPITAL, A         )
    CALIFORNIA LIMITED PARTNERSHIP;    )
16  HOSPITAL CORPORATION OF            )
    AMERICA, INC.; ENGINEERS AND       )
17  SCIENTISTS OF CALIFORNIA, LOCAL    )
    20, INTERNATIONAL FEDERATION OF    )
18  PROFESSIONAL AND TECHNICAL         )
    ENGINEERS, AFL-CIO & CLC; and      )
19  DOES 1 through 50, inclusive,      )
                                       )
20              Defendants.            )
    _____)

21

22        COMES NOW, defendant Engineers and Scientists of California, Local 20, International

23  Federation of Professional and Technical Engineers, AFL-CIO & CLC (hereinafter "ESC") and

24  answers the First Amended Complaint for Damages:

25                              **PARTIES**

26        1.        Answering paragraph number one of the First Amended Complaint (hereinafter

27  "FAC"), defendant ESC is without sufficient information or belief to respond to said paragraph

28  and on that basis denies the allegations thereof.

*Siegel &*
*LeWitter*

*1939 Harrison Street*
*Suite 307*
*Oakland, CA  94612*
*(510) 452-5000*
*(510) 452-5004 (fax)*

*UAW Local 2320*

2.      Answering paragraph 2 of the FAC, defendant ESC is without sufficient information or belief to respond to said paragraph and on that basis denies the allegations thereof.

3.      Answering paragraph 3 of the FAC, defendant ESC is without sufficient information or belief to respond to said paragraph and on that basis denies the allegations thereof.

4.      Defendant ESC admits the allegations of paragraph 4 of the FAC.

5.      Answering paragraph 5 of the FAC, defendant ESC is without sufficient information or belief to respond to said paragraph and on that basis denies the allegations thereof.  Further, defendant ESC points out that the inclusion of Doe defendants is improper in a complaint in federal court and therefore, requests that said paragraph be stricken.

6.      Defendant ESC denies each and every allegation of paragraph 6 of the FAC.

**JURISDICTION/VENUE**

7.      Answering paragraph 7 of the FAC, defendant ESC admits that this Court has jurisdiction over this matter and that venue is proper.

**FIRST CAUSE OF ACTION**

8.      Defendant ESC hereby incorporates by reference its responses to paragraphs 1 through 7 of the FAC as though fully set forth herein.

9.      Answering paragraph 9, defendant ESC admits that plaintiff was at some time employed by Good Samaritan Hospital and that he was a member of defendant ESC during said employment.  Defendant ESC otherwise denies each and every allegation of paragraph 9 of the FAC.

10.      Answering paragraph 10 of the FAC, defendant ESC admits that at some time plaintiff was employed under the terms of a collective bargaining agreement to which ESC was a party which required just cause for termination.  Defendant ESC otherwise denies each and every allegation of paragraph 10 of the FAC.

11.      Answering paragraph 11 of the FAC, defendant ESC is without sufficient information or belief to respond to said paragraph and on that basis denies the allegations

*Siegel &*
*LeWitter*

*1939 Harrison Street*
*Suite 307*
*Oakland, CA 94612*
*(510) 452-5000*
*(510) 452-5004 (fax)*

*UAW Local 2320*

ANSWER TO FIRST AMENDED COMPLAINT – Case No. C07 02581 HRL

thereof.

Defendant ESC further asserts that whether plaintiff was terminated for good or sufficient cause is a legal conclusion which it has believed stood a substantial likelihood of being found to be true by an impartial arbitrator if this matter went to arbitration.

12.    Defendant ESC denies each and every allegation of paragraph 12 of the FAC.

13.    Defendant ESC denies each and every allegation of paragraph 13 of the FAC.

WHEREFORE, defendant ESC prays for judgment as hereinafter set forth.

## SECOND CAUSE OF ACTION

14.    Defendant ESC hereby incorporates by reference its response to paragraphs 1 through 13 of the FAC as set forth above as though fully set forth herein.

15.    Answering paragraph 15 of the FAC, defendant ESC admits the existence of a legal doctrine known as the "duty of fair representation" which governs its representation of its members, and otherwise denies each and every allegation of paragraph 15 of the FAC.

16.    Defendant ESC denies each and every allegation of paragraph 16 of the FAC.

17.    Defendant ESC admits that the National Labor Relations Board has found that a charge alleging a breach of the duty of fair representation by ESC filed by the plaintiff herein is without merit.  Defendant ESC denies each and every other allegation of paragraph 17 of the FAC.

18.    Defendant ESC denies each and every allegation of paragraph 18 of the FAC.

19.    Defendant ESC denies each and every allegation of paragraph 19 of the FAC.

20.    Defendant ESC denies each and every allegation of paragraph 20 of the FAC.

AS FOR ITS SEPARATE AND DISTINCT AFFIRMATIVE DEFENSES, DEFENDANT ESC HEREBY ALLEGES AS FOLLOWS:

### FIRST AFFIRMATIVE DEFENSE

21.    Each cause of action against defendant ESC in the FAC fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

22.    Each cause of action against defendant ESC in the FAC is barred, in whole or in

*Siegel &*
*LeWitter*

*1939 Harrison Street*
*Suite 307*
*Oakland, CA  94612*
*(510) 452-5000*
*(510) 452-5004 (fax)*

*UAW Local 2320*

3

1    part, by the doctrines of collateral estoppel and/or res judicata.

2                          **THIRD AFFIRMATIVE DEFENSE**

3            23.    Each cause of action against defendant ESC in the FAC is barred in whole or in

4    part by plaintiff's failure to exhaust his administrative remedies in a timely fashion as required

5    under federal law.

6

7                          **FOURTH AFFIRMATIVE DEFENSE**

8            24.    Each cause of action against defendant ESC in the FAC is barred, in whole or in

9    part, by the doctrine of laches.

10                          **FIFTH AFFIRMATIVE DEFENSE**

11           25.    Each cause of action against defendant ESC in the FAC is barred, in whole or in

12   part, by the applicable statute of limitations including but not limited to that statute of limitations

13   established by the Labor Management Relations Act and judicial decisions interpreting it.

14                          **SIXTH AFFIRMATIVE DEFENSE**

15           26.    Each cause of action against defendant ESC in the FAC is barred, in whole or in

16   part, by the doctrine of unclean hands.

17                          **SEVENTH AFFIRMATIVE DEFENSE**

18           27.    Each cause of action against defendant ESC in the FAC is barred to the extent

19   that it requests punitive damages, and/or emotional distress or general damages, and/or

20   attorney's fees as such are unavailable in claims for breach of the duty and fair representation

21   against the defendant union.

22                          **EIGHTH AFFIRMATIVE DEFENSE**

23           28.    Each cause of action against defendant ESC in the FAC is barred, in whole or in

24   part, because plaintiff, if damaged at all, was damaged as a result of his own conduct.

25                          **NINTH AFFIRMATIVE DEFENSE**

26           29.    Each cause of action against defendant ESC in the FAC fails to state facts

27   sufficient to enable plaintiff to recover exemplary or punitive damages.

28                          **TENTH AFFIRMATIVE DEFENSE**

*Siegel &*
*LeWitter*

*1939 Harrison Street*
*Suite 307*
*Oakland, CA  94612*
*(510) 452-5000*
*(510) 452-5004 (fax)*

*UAW Local 2320*

30.    As to any claim by plaintiff for physical, mental or emotional distress, said claim is barred by California Labor Code §§ 3600, et seq., which provides that worker's compensation is plaintiff's exclusive remedy.

**ELEVENTH AFFIRMATIVE DEFENSE**

31.    Plaintiff's claims are frivolous, unreasonable and groundless and, accordingly, defendant ESC should recover all costs and attorney's fees incurred herein to the extent provided by statute or otherwise.

WHEREFORE, defendant Engineers and Scientists of California, Local 20, International Federation of Professional and Technical Engineers, AFL-CIO & CLC, hereby prays as follows:

1.    That the First Amended Complaint, and each cause of action thereof, be dismissed with prejudice;

2.    That plaintiff take nothing by the complaint;

3.    That said defendant be awarded its costs incurred herein, including attorney's fees; and

4.    That the Court grant such other relief as it deems just and proper.

DATED: September 4, 2007                    SIEGEL & LEWITTER

By: _____/s/  Jonathan H. Siegel_____
                    Jonathan H. Siegel

Attorneys for Defendant
Engineers and Scientists of California,
Local 20

*Siegel &*
*LeWitter*

*1939 Harrison Street*
*Suite 307*
*Oakland, CA  94612*
*(510) 452-5000*
*(510) 452-5004 (fax)*

*UAW Local 2320*