1 **STEVEN P. COHN, ESQ.   CA SBN 96808**
ADVOCACY CENTER FOR EMPLOYMENT LAW
2 2084 Alameda Way
San Jose, California  95126
3 Telephone:  (408) 557-0300

4 Attorneys for Plaintiff
FRANK FERREYRA
5

6 **JONATHAN H. SIEGEL, ESQ.  CA SBN 748143**
SIEGEL & LEWITTER
7 1939 Harrison Street, Suite 307
Oakland, California  94612
8 Telephone:  (510) 452-5000

9 Attorneys for Defendant ENGINEERS AND
SCIENTISTS OF CALIFORNIA, LOCAL 20,
10 INTERNATIONAL FEDERATION OF
PROFESSIONAL AND TECHNICAL ENGINEERS,
11 AFL-CIO & CLC

12 **NEDA N. DAL CIELO, ESQ. CA SBN 161982**
**MICHAEL W. WARREN, ESQ.  CA SBN 223642**
13 LITTLER MENDELSON
A Professional Corporation
14 50 West San Fernando Street, 14th Floor
San Jose, CA 95113-2431
15 Telephone: (408) 998-4150

16 Attorneys for Defendants
GOOD SAMARITAN HOSPITAL, LP
17 and HCA, INC. (named as HOSPITAL
CORPORATION OF AMERICA, INC.)
18

19                     UNITED STATES DISTRICT COURT

20                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

21                           SAN JOSE DIVISION

22 | | |
|---|---|
| FRANK FERREYRA, | Case No.  C0702581 HRL-JW |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT; PROPOSED ORDER** |
| vs. | |
| GOOD SAMARITAN HOSPITAL, LP, et al, | Date:  November 19, 2007<br>Time:  10:00 a.m.<br>Courtroom: 8 |
| Defendants | Hon. James Ware presiding |

27

28         Plaintiff  FRANK  FERREYRA,  Defendant  ENGINEERS  AND  SCIENTISTS  OF

---

1  CALIFORNIA, LOCAL 20, INTERNATIONAL FEDERATION OF PROFESSIONAL AND

2  TECHNICAL ENGINEERS, AFL-CIO & CLC, ("ESC"), and Defendants GOOD SAMARITAN

3  HOSPITAL, LP, ("GHS") and HOSPITAL CORPORATION OF AMERICA, INC., ("HCA"),

4  jointly submit this Case Management Statement and request the Court to adopt it as its Case

5  Management Order in this case.

6       1.    <u>Jurisdiction and Service</u>: Plaintiff's claims are premised upon federal question subject

7  matter jurisdiction, at least one Defendant's principal place of business is within this Court's

8  jurisdiction, and said Defendant union's authorized officers or agents are engaged in representing

9  employee members in the City of San Jose.  The First Amended Complaint has been served on all

10  Defendants.  Defendant ESC answered the First Amended Complaint on September 4, 2007, and

11  Defendants GHS and HCA jointly answered the First Amended Complaint on September 13, 2007.

12       2.    <u>Facts</u>: Plaintiff was employed by Defendant GSH for 19 years as a Radiology

13  Technician.  Plaintiff was a member of a bargaining unit represented by Defendant ESC and subject

14  to a collective bargaining agreement between Defendant ESC and Defendant GHS, which bargaining

15  agreement Plaintiff claims was waived.  Plaintiff alleges that Defendants GHS and HCA breached

16  said Agreement by wrongfully terminating Plaintiff's employment on or about August 9, 2006

17  without good and just cause.  Plaintiff further alleges Breach of Duty of Fair Representation against

18  the union Defendant, ESC, for abandoning Plaintiff's grievance of said termination on or about

19  November 17, 2006 without arbitrating same. The principal factual issues which the parties dispute

20  are undetermined.

21       3.    <u>Legal Issues</u>: The threshold legal issues which the parties dispute are whether

22  Defendant ESC breached the duty of fair representation and whether the subject bargaining

23  agreement requiring arbitration was waived.  The other legal issues which the parties dispute are

24  whether Defendant GSH breached the Agreement by terminating Plaintiff's employment, whether

25  Defendant HCA was a co-employer of Plaintiff, and whether Plaintiff was required to exhaust the

26  grievance procedures in the Agreement prior to initiating this lawsuit against GSH and HCA.

27       4.    <u>Motions</u>: There are no prior or pending motions.  Defendants GSH and HCA

28             anticipate filing a Motion for Summary Judgment.

1    5.    <u>Amendment of the Pleadings</u>: Future amendments are undetermined.

2    6.    <u>Evidence Preservation</u>: Plaintiff has sent a written Legal Hold Demand notice to

3  Defendant GHS requiring that all evidence, including electronically recorded material, be preserved.

4    7.    <u>Disclosures</u>: The parties agree to complete their initial disclosures within 60 days of

5  the Initial Case Management Conference.

6    8.    <u>Discovery</u>:  Discovery has not commenced.  The parties agree to the following

7  discovery plan:

8        All discovery (except from retained experts) will be commenced at such time

9  to be completed by May 23, 2008.  Discovery from experts shall be completed by June 6, 2008.

10       Maximum of eight depositions (other than expert witnesses) by Plaintiff and

11  eight by Defendant ESC and eight by Defendants GSH and HCA (other than expert witnesses).

12       Maximum of 40 interrogatories by each party to any other party.

13       Maximum of 25 requests for admission by each party to any other party.

14       Each deposition, other than that of Plaintiff and any defense witness so

15  designated by Plaintiff's counsel, shall be limited to a maximum of seven hours unless extended by

16  agreement of the parties or by subsequent order of this Court by either party.

17       The parties shall designate their respective experts in writing by June 6, 2008.

18  The date for exchange of rebuttal experts shall be on or before June 20, 2008.

19       All potentially dispositive motions should be filed by June 20, 2008.

20       Disclosures under Federal Rule of Civil Procedure 26(a)(3) will be due July

21  11, 2008.  The parties will have 15 days after service of final list of witnesses and exhibits to list

22  objections under Rule 26(a)(3).

23    9.    <u>Class Actions</u>: Not applicable.

24    10.    <u>Related Cases</u>: Not applicable.

25    11.    <u>Relief</u>: Plaintiff seeks reinstatement, back pay and damages in amounts according to

26  proof.

27    12.    <u>Settlement and ADR</u>:  Plaintiff and Defendant ESC are amenable to mediation and

28  Early Neutral Evaluation.  Defendants GSH and HCA prefer mediation.

1        13.    <u>Consent to Magistrate Judge For All Purposes</u>: Plaintiff and Defendant ESC have

2    filed their Consent to Proceed Before a United States Magistrate Judge. Defendants GSH and HCA

3    filed a Declination to Proceed Before a United States Magistrate Judge.

4        14.    <u>Other References</u>: This case is not suitable for reference to binding arbitration, a

5    special master, or the Judicial Panel on Multidistrict Litigation.

6        15.    <u>Narrowing of Issues</u>: Unknown at this time.

7        16.    <u>Expedited Schedule</u>: This case is not appropriate to be handled on an expedited basis

8    with streamlined procedures.

9        17.    <u>Scheduling</u>: Appropriate proposed dates for designation of experts, discovery cutoff,

10    hearing of dispositive motions, pretrial conference, and trial are unknown at this time.

11        18.    <u>Trial</u>: Plaintiff requests a jury trial.  Expected length of trial is unknown at this time.

12        19.    <u>Disclosure of Non-party Interested Entities or Persons</u>: Plaintiff and Defendant ESC

13    have filed their Certifications of Interested Entities or Persons.  Defendants GSH and HCA will file

14    their Certifications of Interested Entities or Persons before the scheduled Initial Case Management

15    Conference.

16    Dated: November 9, 2007        ADVOCACY CENTER FOR EMPLOYMENT LAW

17

18            By:_____/s/ Steven P. Cohn_____
        STEVEN P. COHN, ESQ., Attorneys for Plaintiff
        FRANK FERREYRA

19

20    Dated: November 9, 2007        SIEGEL & LEWITTER

21            By:_____/s/ Jonathan H. Siegel_____
        JONATHAN H. SIEGEL, ESQ., Attorneys for

22            Defendant ENGINEERS AND SCIENTISTS OF
        CALIFORNIA, LOCAL 20, INTERNATIONAL

23            FEDERATION OF PROFESSIONAL AND
        TECHNICAL ENGINEERS, AFL-CIO & CLC

24    Dated: November 9, 2007        LITTLER MENDELSON

25            By:_____/s/ Neda N. Dal Cielo_____

26            NEDA N. DAL CIELO, Attorneys for Defendants
        GOOD SAMARITAN HOSPITAL, LP, and HCA,

27            INC.

28

1

**CASE MANAGEMENT ORDER**

2          The Case Management Statement and Proposed Order is hereby adopted by the Court as the

3    Case Management Order for the case and the parties are ordered to comply with this order.  In

4    addition the Court orders:

5

6    Dated:_____          _____
                                             Hon. JAMES WARE,
7                                            UNITED STATES DISTRICT COURT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28